UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALEKSEI SHUSHLIANNIKOV )  | Dkt. No.  0101 1:13CR10297-1 |

**DEFENDANT ALEKSEI SHUSHLIANNIKOV'S REDACTED MOTION FOR A NON-GUIDELINES SENTENCE UNDER *BOOKER* AND SENTENCING MEMORANDUM**

Pursuant to FRCrP32 and the Court's procedural order of November 25, 2014, defendant Aleksei Shushliannikov, through counsel, files this **Motion for a Non-Guidelines Sentence under *Booker*** and offers this memorandum in support thereof.

**Summary**

The probation officer has prepared a Presentence Investigation Report (PSR) which recommends an advisory guideline range (AGR) of 46 to 57 months.[1] The defendant does not dispute this determination. The defendant contends, however, that there are good and sufficient grounds for the Court to consider imposing a sentence below the AGR under *Booker*.[2] With respect to the nature and circumstances of the offense, it is clear that the defendant was not involved in the underlying hacking scheme and that he played a subservient role in the offense to its prime mover. With respect to the history and characteristics of the defendant, it is clear that the defendant, not unlike many "twenty-somethings" of his generation, was an impressionable young man lured by the prospect of easy money and an attractive lifestyle. His having been detained for the last two years has helped him to recognize the error of his ways, express remorse for his actions, and desire to forge a better future for himself. It should not be forgotten that the defendant is a first offender, a status which carries with it the presumption, especially in white collar cases such as this, of a sentence of non-incarceration. Finally, the certainty of the defendant's deportation raises the question of the extent to which the government should expend

---

[1] PSR, ¶ 78.
[2] *U.S. v. Booker,* 543 U.S. 220, 125 S. Ct. 738 160 L. Ed. 2d (2005).

1

scant resources in incarcerating a person who will pose no danger to the public in the future. The defendant believes that when the Court takes all of these factors into consideration in light of the four purposes of sentencing found in 18 U.S.C. § 3553(a)(2)(A-D), it will conclude that a sentence within the AGR is greater than necessary to meet these purposes. Accordingly, the defendant respectfully urges the Court to consider imposing a non-Guidelines sentence under *Booker* of time-served (approximately 24 months), three years' supervised release, restitution as determined by the Court, and a special assessment of $300.

## The Nature and Circumstances of the Offense

The matter before the Court is a white collar offense.[3] While its severity is suggested by the amounts of money laundered, *i.e.,* $437,134, it should be remembered that the amount of restitution the government has requested, *i.e.,* $900, is quite low. Both the probation officer and government have acknowledged that the defendant acted at the behest of his co-conspirator. This is not to absolve the defendant of responsibility for his conduct; it is simply to point out that the defendant did the "dirty work" of the crime (*e.g.,* retrieving the prepaid debit cards from mailboxes of unoccupied residences) while reaped the lion's share of the proceeds. The scheme unraveled only after a citizen reported seeing the defendant reaching into the citizen's mailbox, prompting a call to the local police.

## History and Characteristics of the Defendant

As reported by the probation officer in the PSR, the defendant enjoyed a good upbringing. There is nothing in it that would have suggested this turn in the defendant's life. His involvement seems to have stemmed from the impressionability of a young adult in a foreign country who, through his countrymen, saw and ultimately grasped the lure of easy money and a more attractive lifestyle which it presented to him. His arrest and subsequent detention turned out to be a significant intervention in his life which has caused him to evaluate the harm he had done, to assess where he is in his life, to experience the letting down of his family, and to be determined to make a better life for himself. This is all expressed in the attached letter to the

---

[3] Importantly, the government acknowledges that it has no evidence that the defendant was involved in the underlying computer hacking extortion.

Court from the defendant in which he accepts full responsibility for his actions. It is submitted that this experience may well have been life-changing for the defendant.

The other noteworthy factor of the defendant's background is that he is a first offender. This in itself is important because the Congress, when creating the U.S. Sentencing Commission, directed the Commission to, amongst other things, "insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense . . ."[4] The extent to which the Sentencing Commission has achieved this directive is open to debate. This notwithstanding, it should be a factor which the Court takes into consideration in its deliberations on a just sentence.

### Analysis in Light of 18 U.S.C. § 3553(a)(2)(A-D) Sentencing Purposes

Before imposing sentence, the Court is obligated to address the sentencing purposes recounted in 18 U.S.C. § 3553(a)(2)(A-D). An analysis of this case in light of those purposes follows.

> *(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*
>
> The defendant acknowledges that all three of these subfactors require a sentence of imprisonment, and indeed the AGR determined by the probation officer reflects this. What stands in mitigation, however, is the fact that this is a white collar crime and the defendant is a first offender. The principle of imposing a "sentence other than imprisonment" in such cases cannot be fully followed here because of the full nature of the offense. Still, it is submitted that the Court can, and should, take this principle into account in considering sentencing the defendant below the AGR.
>
> *(B) To afford adequate deterrence to criminal conduct.*
>
> The defendant has already been detained for two years and may be required to serve more time. In light of this fact, others similarly situated will be deterred from committing a similar crime. The defendant himself, having experienced detention for the first time in

---

[4] 28 U.S.C. § 994(h).

his life as recounted in his letter to the Court, will also be deterred from so acting in the future.

*(C) To protect the public from further crimes of the defendant.*

The certainty of the defendant's deportation means that no other measures need to be taken to protect the public from further crimes of the defendant. This fact also raises the question of the extent to which scant government resources should be expended to protect the public when the defendant will not be in this country anyway.

*(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

The defendant is not in need of any educational or vocational training, medical care, or other correctional treatment.

### Recommendation

The Court's duty is to impose a sentence which is "sufficient, but not greater than necessary" to meet the four purposes of sentencing discussed above. The defendant submits that for the reasons specified, *i.e.,* the fact that he played a clearly subservient role in the offense, and that he is a first offender in this white collar offense, a sentence within the AGR of 46 to 57 months would be much greater than necessary to achieve these purposes. When one further considers the certainty of his deportation together with the issue of the extent to which scant government resources should be expended in such a situation, the case for a variance is strengthened. Accordingly, the defendant respectfully urges the Court to impose the following non-Guidelines sentence under *Booker*:

Time served (approximately 24 months);
Three years' supervised release;
Restitution as determined by the Court; and,
$300 special assessment.

    Respectfully submitted,
    Aleksei Shushliannikov
    By his attorney,

DATE:        March 12, 2015                     /s/  Paul J. Garrity
                                                Paul J. Garrity
                                                14 Londonderry Road
                                                Londonderry, NH 03053
                                                603-434-4106
                                                garritylaw@myfairpoint.net

CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 12th day of March, 2015 a copy of the within Sentencing Memorandum has been efiled to all parties on record and mailed, postage prepaid, to Aleksei Shushliannikov.

                                                /s/    Paul J. Garrity
                                                Paul J. Garrity