UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 13-10297-MLW |
| ) | |
| ALEKSEI SHUSHLIANNIKOV, ) | |
| Defendant. ) | |

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §§ 982 and 1028, and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On October 15, 2013, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Aleksei Shushliannikov (the "Defendant"), with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count One); Receiving Mail Under a False and Assumed Name and Address, in violation of 18 U.S.C. §§ 1342 and 2 (Count Two); and Identity Fraud, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), and 2 (Count Three).

2. The Information also contained a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, and pursuant to U.S.C. § 982(a)(1), of any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited included, but was not limited to the following:

*[handwritten annotation: Allowed / Wolf, DJ / March 4, 2015]*

 (a) $26,260 in United States Currency seized from the Defendant's residence on or about February 14, 2013;

 (b) one currency counter seized from the Defendant's residence on or about February 14, 2013;

 (c) one Dell laptop computer bearing serial HY469 A01 seized from the Defendant's residence on or about February 14, 2013;

 (d) 246 prepaid debit cards seized from the Defendant's residence on or about February 14, 2014, including the funds in such cards' debit accounts; and

 (e) 858 pieces of mail seized from the United States mail from December 15, 2012 or thereabout through February 28, 2013 or thereabout that were sent by prepaid debit card issuers to:

  (i) addresses that were listed on Defendant's GPS unit, and were addressed to people who did not occupy those premises;

  (ii) people whose names were on prepaid debit cards seized from the defendant's residence, which cards were seized at addresses that are not associated with those people's residences or vacation properties; and

  (iii) people whose names were on mail described in category (i) addressed to additional addresses not associated with that person, including all prepaid debit cards and other contents of such mail, and all funds in such cards' debit accounts,

(collectively, the "Properties").

 3. The Information also contained an Identity Fraud Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982 and 1028, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Three of the Information, and pursuant to 18 U.S.C. § 982(a)(2)(B), of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation; and pursuant to 18 U.S.C. § 1028(b)(5) of any personal property used or intended to be used to commit such violation. The property to be forfeited included, but was not limited to the Properties described previously.

4.     The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028(g).

5.     On November 25, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement. *See* Docket No. 42. In Section 11 of the written plea agreement, the Defendant admitted that assets directly traceable to Defendant's offenses, assets used to facilitate Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in the offenses are subject to forfeiture because they were involved in the offense charged in Count One of the Information and they constitute or are derived from proceeds of the offense charged in Count Three of the Information or are property used or intended to be used to commit the offense charged in Count Three of the Information. The Defendant therefore consented to the forfeiture of all of his interests in the

Properties.[1]  In light of the Defendant's guilty plea and admissions in the written plea agreement, the United States has established the requisite nexus between the Properties and the Miscellaneous Computer Equipment and the offenses to which the Defendant pled guilty.  Accordingly, the Properties and the Miscellaneous Computer Equipment are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982 and 1028.

6.      Pursuant to 18 U.S.C. §§ 982 and 1028, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties and the Miscellaneous Computer Equipment.

7.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982 and 1028, and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties and the Miscellaneous Computer Equipment, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties and/or the Miscellaneous Computer Equipment must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

8.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties and/or the Miscellaneous Computer

---

[1] Even though the following properties were not included in the Information, the Defendant has consented to the forfeiture of:   one hp 8GB Thumb Drive; one Samsung Galaxy Tab 2; one Cell phone – LG Net10; one Samsung Cell Phone; one 256MB Thumb Drive; one Garmin Nuvi 260W GPS; and one Primax MX432 Printer, seized by the United States Postal Service on February 14, 2013 (collectively, the "Miscellaneous Computer Equipment").  In addition, the United States has agreed to return the following items to the Defendant:  one BlackBerry – Nokia c3-00; one Toshiba Satellite A665 Laptop; and one iPhone 4 (16GB).

4

Equipment, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and/or the Miscellaneous Computer Equipment and any additional facts supporting the petitioner's claim and the relief sought.

9. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties and/or the Miscellaneous Computer Equipment that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ *Christopher R. Donato*
SCOTT L. GARLAND
CHRISTOPHER R. DONATO
Assistant United States Attorneys
BBO # 628907
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: February 19, 2015    Chris.Donato@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Christopher R. Donato*
CHRISTOPHER R. DONATO
Assistant United States Attorney

Dated: February 19, 2015