UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10297-MLW |
| | ) | |
| ALEKSEI SHUSHLIANNIKOV, | ) | |
| Defendant. | ) | |

### PRELIMINARY ORDER OF FORFEITURE

**WOLF, D.J.**

WHEREAS, on October 15, 2013, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Aleksei Shushliannikov (the "Defendant"), with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count One); Receiving Mail Under a False and Assumed Name and Address, in violation of 18 U.S.C. §§ 1342 and 2 (Count Two); and Identity Fraud, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), and 2 (Count Three);

WHEREAS, the Information also contained a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, and pursuant to U.S.C. § 982(a)(1), of any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to the following:

   (a)   $26,260 in United States Currency seized from the Defendant's residence on or about February 14, 2013;

   (b)   one currency counter seized from the Defendant's residence on or about February 14, 2013;

   (c)   one Dell laptop computer bearing serial HY469 A01 seized from the Defendant's residence on or about February 14, 2013;

(d) 246 prepaid debit cards seized from the Defendant's residence on or about February 14, 2014, including the funds in such cards' debit accounts; and

(e) 858 pieces of mail seized from the United States mail from December 15, 2012 or thereabout through February 28, 2013 or thereabout that were sent by prepaid debit card issuers to:

(i) addresses that were listed on Defendant's GPS unit, and were addressed to people who did not occupy those premises;

(ii) people whose names were on prepaid debit cards seized from the defendant's residence, which cards were seized at addresses that are not associated with those people's residences or vacation properties; and

(iii) people whose names were on mail described in category (i) addressed to additional addresses not associated with that person, including all prepaid debit cards and other contents of such mail, and all funds in such cards' debit accounts,

(collectively, the "Properties");

WHEREAS, the Information also contained an Identity Fraud Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982 and 1028, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Three of the Information, and pursuant to 18 U.S.C. § 982(a)(2)(B), of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation; and pursuant to 18 U.S.C. § 1028(b)(5) of any personal property used or intended to be used to commit such violation, including, but not limited to the Properties described previously;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028(g);

WHEREAS, on November 25, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement;

WHEREAS, in Section 11 of the written plea agreement, the Defendant admitted that assets directly traceable to Defendant's offenses, assets used to facilitate Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in the offenses are subject to forfeiture because they were involved in the offense charged in Count One of the Information and they constitute or are derived from proceeds of the offense charged in Count Three of the Information or are property used or intended to be used to commit the offense charged in Count Three of the Information;[1]

WHEREAS, even though the Miscellaneous Computer Equipment was not included in the Information, the Defendant consented to the forfeiture of said property;

WHEREAS, in light of the Defendant's guilty plea and admissions in the written plea agreement, the United States has established the requisite nexus between the Properties and the

---

[1] Even though the following properties were not included in the Information, the Defendant has consented to the forfeiture of: one hp 8GB Thumb Drive; one Samsung Galaxy Tab 2; one Cell phone – LG Net10; one Samsung Cell Phone; one 256MB Thumb Drive; one Garmin Nuvi 260W GPS; and one Primax MX432 Printer, seized by the United States Postal Service on February 14, 2013 (collectively, the "Miscellaneous Computer Equipment"). In addition, the United States has agreed to return the following items to the Defendant: one BlackBerry – Nokia c3-00; one Toshiba Satellite A665 Laptop; and one iPhone 4 (16GB).

3

Miscellaneous Computer Equipment and the offenses to which the Defendant pled guilty, and accordingly, the Properties and the Miscellaneous Computer Equipment are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982 and 1028; and

WHEREAS, pursuant to 18 U.S.C. §§ 982 and 1028, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a preliminary order of forfeiture against the Properties and the Miscellaneous Computer Equipment.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the Miscellaneous Computer Equipment, and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties and the Miscellaneous Computer Equipment are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 982 and 1028.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and the Miscellaneous Computer Equipment and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982 and 1028, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties and the Miscellaneous Computer Equipment.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982 and 1028, the United States shall give, to the extent practicable, direct written notice to any person known to

have alleged an interest in the Properties and/or the Miscellaneous Computer Equipment to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. §§ 982 and 1028, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties and/or the Miscellaneous Computer Equipment, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties and/or the Miscellaneous Computer Equipment; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties and/or the Miscellaneous Computer Equipment, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties and/or the Miscellaneous Computer Equipment, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. §§ 982 and 1028, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties and the Miscellaneous Computer Equipment.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 982 and 1028, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Mark L. Wolf
MARK L. WOLF
Senior United States District Judge

Dated: March 5, 2015