AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.
**Aleksei Shushliannikov**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 13 CR 10297 - 001 - MLW**

USM Number: 95663-038

Paul J. Garrity
Defendant's Attorney

☐ Additional documents attached

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1, 2 and 3

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses: Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1956(h), 18USC1956(a)(1)(B)(i) | Conspiracy to Commit Money Laundering | 02/11/13 | 1 |
| 18 USC § 1342 | Receving Mailing Under a False Name & Assumed Name & Address | 02/11/13 | 2 |
| 18 USC § 1028(a)(7), 18 USC 1028 (b)(1)(D) | Identity Fraud | 02/11/13 | 3 |

The defendant is sentenced as provided in pages 2 through 16 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/04/15
Date of Imposition of Judgment

[signature]
Signature of Judge

The Honorable Mark L. Wolf
Senior Judge, U.S. District Court
Name and Title of Judge

March 18, 2015
Date

✎AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 36 month(s)

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ____________ .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

a ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

✎AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**

## SUPERVISED RELEASE

☑ **See continuation page**

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 36 month(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**

**ADDITIONAL ☐ SUPERVISED RELEASE ☐ PROBATION TERMS**

**Continuation of Conditions of ☑ Supervised Release ☐ Probation**

1. The defendant is prohibited from possessing a firearm, destructive device, or other dangerous weapon.
2. If ordered deported, the defendant is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security. Supervised release is suspended while the defendant is outside of the United States.

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ $300.00 | $ | $ $900.00 |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| C.P. | | $300.00 | |
| A.S. | | $300.00 | |
| G.S. | | $300.00 | |

☐ See Continuation Page

| | Total Loss* | Restitution Ordered |
|---|---|---|
| **TOTALS** | $ $0.00 | $ $0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

Judgment — Page 6 of 16

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [X] Lump sum payment of $ $300.00 due immediately, balance due

[ ] not later than ____________, or
[X] in accordance [ ] C, [ ] D, [ ] E, or [X] F below; or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X] Special instructions regarding the payment of criminal monetary penalties:

court ordered repayment schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:

See Attached Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☑ **The court adopts the presentence investigation report without change.**
Except $900 restitution was ordered.

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: 23
Criminal History Category: I
Imprisonment Range: 46 to 57 months
Supervised Release Range: 1 to 3 years
Fine Range: $ 1,000 to $ 500,000
☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**
DISTRICT: **MASSACHUSETTS**

## STATEMENT OF REASONS

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.** (Use Section VIII if necessary.)

C ☐ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.** (Also complete Section V.)

D ☑ **The court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

☐ 4A1.3 Criminal History Inadequacy
☐ 5H1.1 Age
☐ 5H1.2 Education and Vocational Skills
☐ 5H1.3 Mental and Emotional Condition
☐ 5H1.4 Physical Condition
☐ 5H1.5 Employment Record
☐ 5H1.6 Family Ties and Responsibilities
☐ 5H1.11 Military Record, Charitable Service, Good Works
☐ 5K2.0 Aggravating or Mitigating Circumstances
☐ 5K2.1 Death
☐ 5K2.2 Physical Injury
☐ 5K2.3 Extreme Psychological Injury
☐ 5K2.4 Abduction or Unlawful Restraint
☐ 5K2.5 Property Damage or Loss
☐ 5K2.6 Weapon or Dangerous Weapon
☐ 5K2.7 Disruption of Government Function
☐ 5K2.8 Extreme Conduct
☐ 5K2.9 Criminal Purpose
☐ 5K2.10 Victim's Conduct
☐ 5K2.11 Lesser Harm
☐ 5K2.12 Coercion and Duress
☐ 5K2.13 Diminished Capacity
☐ 5K2.14 Public Welfare
☐ 5K2.16 Voluntary Disclosure of Offense
☐ 5K2.17 High-Capacity, Semiautomatic Weapon
☐ 5K2.18 Violent Street Gang
☐ 5K2.20 Aberrant Behavior
☐ 5K2.21 Dismissed and Uncharged Conduct
☐ 5K2.22 Age or Health of Sex Offenders
☐ 5K2.23 Discharged Terms of Imprisonment
☐ Other guideline basis (*e.g.*, 2B1.1 commentary)

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT: **Aleksei Shushliannikov**
CASE NUMBER: **1: 13 CR 10297 - 001 - MLW**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A **The sentence imposed is** (Check only one.):
- [x] below the advisory guideline range
- [ ] above the advisory guideline range

B **Sentence imposed pursuant to** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
- [ ] binding plea agreement for a sentence outside the advisory guideline system accepted by the court
- [ ] plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
- [ ] plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
- [ ] government motion for a sentence outside of the advisory guideline system
- [ ] defense motion for a sentence outside of the advisory guideline system to which the government did not object
- [ ] defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
- [ ] Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)
- [ ] the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
- [ ] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
- [ ] to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
- [ ] to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
- [ ] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
- [ ] to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
- [ ] to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

Defendant will be detained, perhaps many months, by Immigration before being deported to Russia. In addition, his youth and conduct after being arrested contributed to a below-Guideline sentence being suffiicent but no more than necessary.

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: Aleksei Shushliannikov
CASE NUMBER: 1: 13 CR 10297 - 001 - MLW
DISTRICT: MASSACHUSETTS

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: 900.00

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 0/0/91

Defendant's Residence Address: Boston, MA

Defendant's Mailing Address: Boston, MA

Date of Imposition of Judgment
03/04/15

[signature]
Signature of Judge

The Honorable Mark L. Wolf Senior Judge, U.S. District Court
Name and Title of Judge

Date Signed March 18, 2015

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10297-MLW |
| | ) | |
| ALEKSEI SHUSHLIANNIKOV, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**WOLF, D.J.**

WHEREAS, on October 15, 2013, the United States Attorney for the District of Massachusetts filed a three-count Information charging defendant Aleksei Shushliannikov (the "Defendant"), with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count One); Receiving Mail Under a False and Assumed Name and Address, in violation of 18 U.S.C. §§ 1342 and 2 (Count Two); and Identity Fraud, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), and 2 (Count Three);

WHEREAS, the Information also contained a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, and pursuant to U.S.C. § 982(a)(1), of any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to the following:

(a) $26,260 in United States Currency seized from the Defendant's residence on or about February 14, 2013;

(b) one currency counter seized from the Defendant's residence on or about February 14, 2013;

(c) one Dell laptop computer bearing serial HY469 A01 seized from the Defendant's residence on or about February 14, 2013;

 (d) 246 prepaid debit cards seized from the Defendant's residence on or about February 14, 2014, including the funds in such cards' debit accounts; and

(e) 858 pieces of mail seized from the United States mail from December 15, 2012 or thereabout through February 28, 2013 or thereabout that were sent by prepaid debit card issuers to:

(i) addresses that were listed on Defendant's GPS unit, and were addressed to people who did not occupy those premises;

(ii) people whose names were on prepaid debit cards seized from the defendant's residence, which cards were seized at addresses that are not associated with those people's residences or vacation properties; and

(iii) people whose names were on mail described in category (i) addressed to additional addresses not associated with that person, including all prepaid debit cards and other contents of such mail, and all funds in such cards' debit accounts,

(collectively, the "Properties");

WHEREAS, the Information also contained an Identity Fraud Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982 and 1028, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Three of the Information, and pursuant to 18 U.S.C. § 982(a)(2)(B), of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation; and pursuant to 18 U.S.C. § 1028(b)(5) of any personal property used or intended to be used to commit such violation, including, but not limited to the Properties described previously;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028(g);

WHEREAS, on November 25, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement;

WHEREAS, in Section 11 of the written plea agreement, the Defendant admitted that assets directly traceable to Defendant's offenses, assets used to facilitate Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in the offenses are subject to forfeiture because they were involved in the offense charged in Count One of the Information and they constitute or are derived from proceeds of the offense charged in Count Three of the Information or are property used or intended to be used to commit the offense charged in Count Three of the Information;[1]

WHEREAS, even though the Miscellaneous Computer Equipment was not included in the Information, the Defendant consented to the forfeiture of said property;

WHEREAS, in light of the Defendant's guilty plea and admissions in the written plea agreement, the United States has established the requisite nexus between the Properties and the

---

[1] Even though the following properties were not included in the Information, the Defendant has consented to the forfeiture of: one hp 8GB Thumb Drive; one Samsung Galaxy Tab 2; one Cell phone – LG Net10; one Samsung Cell Phone; one 256MB Thumb Drive; one Garmin Nuvi 260W GPS; and one Primax MX432 Printer, seized by the United States Postal Service on February 14, 2013 (collectively, the "Miscellaneous Computer Equipment"). In addition, the United States has agreed to return the following items to the Defendant: one BlackBerry – Nokia c3-00; one Toshiba Satellite A665 Laptop; and one iPhone 4 (16GB).

Miscellaneous Computer Equipment and the offenses to which the Defendant pled guilty, and accordingly, the Properties and the Miscellaneous Computer Equipment are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982 and 1028; and

WHEREAS, pursuant to 18 U.S.C. §§ 982 and 1028, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a preliminary order of forfeiture against the Properties and the Miscellaneous Computer Equipment.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the Miscellaneous Computer Equipment, and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties and the Miscellaneous Computer Equipment are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 982 and 1028.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and the Miscellaneous Computer Equipment and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982 and 1028, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties and the Miscellaneous Computer Equipment.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982 and 1028, the United States shall give, to the extent practicable, direct written notice to any person known to

have alleged an interest in the Properties and/or the Miscellaneous Computer Equipment to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. §§ 982 and 1028, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties and/or the Miscellaneous Computer Equipment, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties and/or the Miscellaneous Computer Equipment; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties and/or the Miscellaneous Computer Equipment, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties and/or the Miscellaneous Computer Equipment, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. §§ 982 and 1028, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties and the Miscellaneous Computer Equipment.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 982 and 1028, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

Case 1:13-cr-10297-MLW Document 47-1 Filed 02/19/15 Page 6 of 6

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

MARK L. WOLF
Senior United States District Judge

Dated: March 5, 2015